UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-22134-CV-UNGARO

TEMPUR SEALY INTERNATIONAL,
INC., TEMPUR-PEDIC MANAGEMENT,
INC., TEMPUR-PEDIC NORTH
AMERICA, LLC, and DAN-FOAM APS,

        Plaintiffs,

vs.

BRICKELL MATTRESS, LLC,
SELECT FOAM GROUP, LLC,
SELECT FOAM, INC.,
MATTHEW BYRD, Individually;
CHRIS NELSON, Individually; and
JUAN QUINTERO, Individually.

        Defendants.
_____/

## CORRECTED CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION

WHEREAS, Plaintiffs Tempur Sealy International, Inc., Tempur-Pedic Management, Inc., Tempur-Pedic North America, LLC, and Dan Foam ApS (collectively "Tempur Sealy"), commenced this action against Defendants, Brickell Mattress, LLC ("Brickell"), Select Foam Group, LLC ("Select Foam Group"), Select Foam, Inc. ("Select Foam"), Matt Byrd, in his individual capacity ("Byrd"), Chris Nelson, in his individual capacity ("Nelson"), and Juan Quintero, in his individual capacity ("Quintero") (collectively "Defendants"), asserting claims of trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a); false advertising in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(c); trademark dilution in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(c); cybersquatting in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(d); trademark infringement and unfair

competition in violation of the common law of the State of Florida; and copyright infringement in violation of the Copyright Act of 1976, as amended, 17 U.S.C. § 101, et seq.

WHEREAS, Defendants deny Plaintiffs' allegations, deny liability, and assert that Plaintiffs are not entitled to the relief sought in the Lawsuit;

WHEREAS, the Parties entered into a Settlement Agreement And General Release of All Claims pursuant to which the Parties resolved their disputes and have agreed to entry of this Corrected Consent Final Judgment and Permanent Injunction;

WHEREAS, this Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338.  This Court has pendent jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

WHEREAS, Defendants Brickell, Quintero, and Nelson were formally served with the summons and complaint and consent to jurisdiction of this Court.

WHEREAS, Defendants Select Foam Group and Select Foam were formally served with the summons and complaint and consent to jurisdiction of this Court.

WHEREAS, Defendant Byrd, through his attorney, accepted service of the summons and complaint, and consents to jurisdiction of this court.

WHEREAS, the parties stipulate that Tempur-Pedic, including through its related companies, owns federally registered and common law trademarks including Tempur, Tempur-Pedic, Tempur-Pedic & Reclining Figure Design, and distinctive trade dress, among other marks, including those set forth in Exhibit A hereto ("TEMPUR-PEDIC Marks").

WHEREAS, the parties stipulate that Plaintiffs own copyright rights arising in the Reclining Figure drawing, Registration No. VA 1-729-142 ("Reclining Figure Design").

WHEREAS, the parties further stipulate that the Reclining Figure Design is an original work of authorship owned by Tempur-Pedic and properly registered with the United States Copyright Office on April 21, 2010 as VA 1-729-142. ("Tempur-Pedic Copyright").

WHEREAS, use of the plural term "Defendants" in this Corrected Consent Final Judgment and Permanent Injunction shall mean each Defendant individually, or any Defendant acting individually or together with another Defendant. Without limiting the foregoing, each Defendant is individually obligated by and subject to each of the terms set forth herein.

WHEREAS, the parties now wish to settle this action on the following terms.

IT IS ORDERED and ADJUDGED that Defendant Matthew Byrd is deemed by the order of this court to be subject to the court's jurisdiction by his consent to personal jurisdiction before the United States District Court in and for the Southern District of Florida.

IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED THAT DEFENDANTS ARE HEREBY PERMANENTLY ENJOINED AS FOLLOWS:

1. Defendants, at their expense, will forthwith transfer and assign to Plaintiffs any and all domain names registrations registered by or on behalf of Defendants that includes the term TEMPUR-PEDIC or any terms identical or confusingly similar to the TEMPUR-PEDIC Marks, including but not limited to www.tempurpedicmattress.org and www.tempurpedicrhapsodybed.com. Defendants will additionally transfer and assign to Plaintiffs the domains www.mattressguides.com, and www.selectfoam.com. Defendants will fully cooperate with the domain name registrars and Plaintiffs to effectuate the domain transfers.

2. Defendants, and anyone acting in concert with the Defendants, including their officers, agents, affiliates, servants, employees, attorneys, or any other aliases or company names under which Defendants conduct, conducted or attempt to conduct business, and all persons,

3

companies and entities acting on behalf of Defendants shall permanently cease the following activities:

    A.    using the TEMPUR-PEDIC Marks or any other trade name, trademark, trade dress, service mark, domain name, designation, symbol, or device containing the TEMPUR-PEDIC Marks, or any variant or any colorable imitations thereof;

    B.    using the TEMPUR-PEDIC Marks in keywords, metatags, or other source code for Defendants' various websites;

    C.    promoting, offering for sale, or selling competing products using the TEMPUR-PEDIC Marks through a retail store, via the internet, or through any other means or channels of trade now or hereafter developed;

    D.    making any false or misleading representation of fact concerning the source, nature, quality, or characteristics of their businesses, products or services, or warranty bearing, using, or advertised as sold by Defendants including but not limited to representing falsely that their products are identical to TEMPUR-PEDIC brand Products;

    E.    making any false or misleading representation of fact concerning the source, nature, quality, or characteristics of Plaintiffs' mattresses, mattress covers, mattress toppers, adjustable bases, pillows and linens, including the TEMPUR-PEDIC brand products;

    F.    doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or the trade, or prospective purchasers of Defendants' products/services, that the source, nature, composition, or

quality of products and/or services created, developed, produced, distributed, marketed, advertised, promoted, sold, or offered for sale by Defendants is authorized, consented to, approved or permitted by Tempur Sealy;

G. doing any act or thing calculated or likely to deceive members of the public or trade, or prospective purchasers, into believing that there is some affiliation, sponsorship, or connection between Defendants and Tempur Sealy or that Defendants' products and/or services are being created, developed, manufactured, distributed, marketed, advertised, promoted, sponsored, offered for sale, or sold by Tempur Sealy or with Tempur Sealy's authorization, consent, approval, or permission;

H. attempting to purchase TEMPUR-PEDIC brand Products or engaging in business with Tempur Sealy, or any Tempur Sealy subsidiary, authorized retailer, or affiliated company, in their own names, in the name of any other company, alternate account, or alias, or through an agent or representative acting on their behalf;

3. Each of the parties to this Corrected Consent Final Judgment and Permanent Injunction shall be responsible for its own costs and attorneys' fees incurred herein prior to the entry of this Final Judgment and Injunction. However, should a Court find that any Defendant has violated this Corrected Consent Final Judgment and Permanent Injunction, Plaintiffs shall be entitled to (a) pursue any and all remedies available for such violation, including, but not limited to, seeking an order finding the breaching party in contempt of the Corrected Consent Final

Judgment and Permanent Injunction, and (b) an award of damages, attorneys' fees and costs incurred as a result of proving such violation.

4. Each person executing this Corrected Consent Final Judgment and Permanent Injunction on behalf of a corporation or individual represents that he or she is authorized to do so.

5. This Corrected Consent Final Judgment and Permanent Injunction is binding on each of the named individual Defendants in his individual capacity, and the prohibitions herein shall extend to any business venture undertaken by any one of them unless such future business venture is authorized by Plaintiff or its successors or assigns.

6. This matter is dismissed with prejudice; however, this dismissal is without prejudice to enforcing the terms of this Corrected Consent Final Judgment and Injunction. The Court will retain jurisdiction to enforce this Corrected Consent Final Judgment and Injunction and the Parties' Settlement Agreement and General Release of All Claims.

7. The parties have jointly drafted this Corrected Consent Final Judgment and Injunction and waive any and all rights pursuant to Federal Rules of Civil Procedure 59 and 60. The parties further waive any and all rights to appeal this judgment.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of Oct., 2016.

**URSULA UNGARO**
**United States District Judge**

cc: Counsel of Record

4818-1888-5944, v. 2

## EXHIBIT A

## TEMPUR-PEDIC MARKS

TEMPUR
TEMPUR-PEDIC
TEMPUR-CLOUD
TEMPUR-HD
TEMPUR-ES
THE ADVANTAGEBED BY TEMPUR-PEDIC
THE ALLURABED BY TEMPUR-PEDIC
THE BELLAFINA BED BY TEMPUR-PEDIC
THE CELEBRITYBED BY TEMPUR-PEDIC
THE CLASSICBED BY TEMPUR-PEDIC
THE GRANDBED BY TEMPUR-PEDIC
TEMPUR-PEDIC and Reclining Figure Design
THE DELUXEBED BY TEMPUR-PEDIC
THE RHAPSODY BED BY TEMPUR-PEDIC
TEMPUR-CLOUD LUXE
TEMPUR-CLOUD SUPREME
TEMPUR-CONTOUR
TEMPUR-CONTOUR SIGNATURE
TEMPUR-CONTOUR SELECT
TEMPUR-FLEX
TEMPUR-CONTOUR
ERGO ADJUSTABLE BASE
ADVANCED ERGO ADJUSTABLE BASE

4818-1888-5944, v. 2